UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KEITH RUSSELL JUDD,**

      **Petitioner,**

v.                                   **Case No. 4:10cv91-RH/WCS**

**UNITED STATES OF AMERICA,**

      **Respondent.**

_____

## REPORT AND RECOMMENDATION TO DISMISS ACTION

Petitioner filed a document titled as an "INDEPENDENT ACTION FOR RELIEF FROM JUDGMENT TO CORRECT RECORD THAT THERE IS NO FEDERAL FELONY CONVICTION OR SENTENCE FOR KEITH RUSSELL JUDD." Doc. 1. Petitioner is in federal custody in Texas, and seeks relief from the judgment and sentence of the United States District Court for the Western District of Texas, case number 7:98cr93. He asks this court "to correct, [clarify], amend or expunge any record" of his conviction or sentence in the Texas case, and for any other appropriate relief. Doc. 1, p. 7.

The clerk filed the document as a 28 U.S.C. § 2241 petition for writ of habeas corpus and assigned a civil case number.

Relief from a federal conviction and sentence is available by motion filed in the sentencing court pursuant to 28 U.S.C. § 2255. Habeas corpus relief is unavailable to challenge a federal conviction and sentence unless the § 2255 remedy is inadequate or ineffective to test the legality of detention. § 2255(e) (also known as the savings clause). *See also* Antonelli v. Warden, 542 F.3d 1348, 1351, n. 1 (11th Cir. 2008) (noting it "clear that a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so.") (citing § 2255(e) and Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999)).

This is not the sentencing court. Even if Petitioner were entitled to proceed in habeas corpus, he is in federal custody in Texas and this court lacks jurisdiction to consider his claims. *See* Rumsfeld v. Padilla, 542 U.S. 426, 442, 124 S.Ct. 2711, 2722, 159 L.Ed.2d 513 (2004) (courts are limited by § 2241(a) to granting habeas relief "within their respective jurisdictions," and must have jurisdiction over the custodian; the traditional rule is that the writ is "issuable only in the district of confinement.") (citations omitted).

There is no reason to transfer this case to a federal court in Texas. The Fifth Circuit Court of Appeals has repeatedly noted this Petitioner's "history of vexatious and frivolous litigation in this court and many other courts," its own "repeated warnings" and imposition of sanctions, and that they "have been insufficient to deter him from

continuing to file frivolous challenges to his conviction." Docs. 907, 919, 920,[1] 921, 922, and 923 in 7:98cr93-RAJ (available in PACER) (Public Access to Court Electronic Records). Each of these orders directed Petitioner to pay a $500 sanction, and barred him from filing, "in this court or in any court subject to this court's jurisdiction, any challenge to his conviction or sentence until all sanctions in all his actions are paid in full," absent leave of court to file.

Petitioner cannot proceed here, and transfer to the district of his confinement or conviction is not appropriate. It is therefore respectfully **RECOMMENDED** that Defendant's "independent action," doc. 1, be **SUMMARILY DISMISSED** and the clerk directed to close this case.

**IN CHAMBERS** at Tallahassee, Florida, on April 1, 2010

.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] As set forth in this order, file-stamped by the Fifth Circuit on October 9, 2009, and by the district court on October 19, 2009, Petitioner "was convicted on June 24, 1999, and was sentenced on September 24, 1999," and the court of appeals affirmed the conviction and sentence in 2001. Doc. 920 in that case, p. 1. The judgment entered on the docket September 29, 1999, sentenced Petitioner to two concurrent terms of 210 months for two counts of mailing threatening communications; Petitioner had been convicted by a jury. Doc. 450 in that case. *See also* docs. 348 and 349 in that case (verdicts of guilty on counts 1 and 2). jury

Case No. 4:10cv91-RH/WCS

## **NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.